## 30758. TYREE v. THE FIRST NATIONAL BANK OF ATLANTA.

GUNTER, Justice.

This appeal by a judgment-creditor, the plaintiff in a garnishment action, is from a judgment of the trial court that dismissed the garnishment action on motion of The First National Bank of Atlanta, the garnishee. The judgment-debtor made no appearance in the garnishment action and is not a party in this appeal.

The appellant procured a judgment against the debtor in Cobb Superior Court. On March 31, 1975, the attorney for the appellant made an affidavit before a deputy clerk of the Civil Court of Fulton County stating that the judgment had been procured, stating the amount due, and stating that affiant had reason to apprehend the loss of the amount due or some part thereof unless the process of garnishment issued. A bond was also executed on behalf of appellant by his agent and approved by the deputy clerk. Summons of garnishment was issued and was served on April 1, 1975.

The garnishee answered the garnishment in due time. It responded that on the date of the service of the summons of garnishment, it had on deposit certain funds of the debtor; that in accordance with its banking contract with the debtor it had, upon service of the summons, applied those funds on deposit in payment of a past due indebtedness owed by the debtor to the garnishee; that it therefore held no funds of the debtor that were payable to

the plaintiff; that the process of garnishment was void as violating the Federal and Georgia Constitutions; and "if this garnishee is required to pay such . . . money . . . to the plaintiff pursuant to such unlawful and void process of garnishment this garnishee will be subjected to double liability" in violation of the Due Process Clauses of both the Federal and Georgia Constitutions. The garnishee's answer also set forth the Georgia statutory provisions that it contended to be violative of both constitutions.

The plaintiff then traversed the garnishee's answer and contended that he was entitled to judgment against the garnishee in the amount of his judgment against the debtor, because the garnishee's answer showed that after service of the summons upon it, it had applied the debtor's funds on deposit to satisfy an indebtedness owed by the debtor to the garnishee.

The garnishee then moved for judgment on the pleadings, and the trial judge, after a hearing, entered the following judgment: "It is hereby ordered, adjudged and decreed that the garnishment law of the State of Georgia relating to post-judgment garnishments, as it existed at the time of service of the garnishment in this case, is in violation of the Fourteenth Amendment of the U. S. Constitution and the Constitution of the State of Georgia, and is unconstitutional, and that this proceeding be and it is hereby dismissed."

The plaintiff-appellant has enumerated one error in this court: "The trial court erred in supporting Appellee's motion for judgment on the pleadings when it ruled that Georgia Code Ann. Sec. 46-102 in effect at the time of the filing of Appellant's garnishment action against Appellee was unconstitutional as it pertained to post-judgment garnishment and dismissed Appellant's action."

We have today ruled that our garnishment procedure as it existed prior to July 1, 1975, was unconstitutional with respect to post-judgment garnishment cases as well as pre-judgment garnishment cases. See *Coursin v. Harper,* 236 Ga. 729 (1976).

It therefore follows that the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur, except Hall, J., who dissents.*

ARGUED FEBRUARY 10, 1976 — DECIDED APRIL 28, 1976.

*Greene, Smith, Davis & Dodson, John W. Hammond,* for appellant.

*Hansell, Post, Brandon & Dorsey, Bates Block,* for appellees.